# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**MANPREET SINGH**                                                           **PETITIONER**

**VERSUS**                                                     **CIVIL ACTION NO. 5:20-cv-86-DCB-MTP**

**WARDEN SHAWN GILLIS**                                        **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Manpreet Singh's Emergency Motion to Stay Removal [2]. Having carefully considered the Motion [2] and the applicable law, the undersigned recommends that the Motion [2] be denied.

## BACKGROUND

Manpreet Singh, a citizen of India, is currently held in immigration custody at Adams County Detention Center. He requests a stay of removal while his habeas corpus petition is pending.[1]

Petitioner entered the United States on May 17, 2019 without inspection. Mot. [2] at 4. He claimed asylum based on his affiliation with the Mann Party in India, the political minority, and was granted a credible fear interview on June 10, 2019. *Id*. The asylum officer found against Petitioner in the credible fear interview. *Id*.

Petitioner then requested review by an immigration judge and the immigration judge affirmed the findings of the asylum officer. *Id*. at 5. Petitioner represents that his removal to India is imminent without a stay and he is entitled to asylum.

---

[1] The Petition [1] challenges Singh's expedited removal order and requests a new asylum hearing.

1

## ANALYSIS

"Injunctive relief is an extraordinary measure and drastic remedy and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (internal quotations and citation omitted).  In considering whether to issue a stay of removal, a court reviews "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Duran-Cruz v. Holder*, 527 F. App'x 308, 310 (5th Cir. 2013).  The last two factors merge when the Government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).  "The parties and the public, while entitled to both careful review and meaningful decisions, are also generally entitled to the prompt execution of orders that the legislature has made final." *Id.* at 427.

The first two factors are the most important. *Duran*-Cruz, 527 F. App'x at 311. The Petitioner has the burden of demonstrating more than mere possibility of success on the merits. *Id*. "A stay may be justified to preserve meaningful review, but a stay is also an 'intrusion into the ordinary process of administration and judicial review' and therefore not to be granted reflexively." *Id.* at 310-11 (citing *Nken*, 556 U.S. at 427).  "[A]ccordingly, [a stay] 'is not a matter of right, even if irreparable injury might otherwise result….'" *Nken*, 556 U.S. at 427 (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)).

Petitioner submits that he does have a strong likelihood of success on the merits because the asylum officer allegedly failed to follow and apply several regulations.  It is unlikely, however, that Petitioner will prevail and receive a new asylum hearing because it appears that this Court does not have jurisdiction to consider the Petition [1].

Petitioner was taken into custody by U.S. Border Patrol near Calexico, California and placed in expedited removal proceedings. Petitioner then claimed asylum and was afforded a credible fear interview and then review by an immigration judge.

The procedure for non-citizens seeking asylum in the United States is controlled by 8 U.S.C. § 1225(b)(1). Judicial review of expedited removal orders is governed by 8 U.S.C. § 1252(e). *See Brumme v. I.N.S.*, 275 F.3d 443, 446 (5th Cir. 2001). Section 1225(e)(2) severely limits judicial review of decisions made under § 1225(b)(1). The reviewing court may determine whether a removal order "was issued and whether it related to the Petitioner. There shall be no review of whether the alien is actually admissible or entitled to any relief from removal." *Solis-de Patino v. Pitts*, 823 F. Supp. 2d 457, 460 (W.D. Tex. Oct. 4, 2011); *see also Brumme*, 275 F.3d at 447-48 (narrowly construing the avenues of review under § 1252(e) to the three instances articulated in the statute).

Petitioner seeks review of his expedited removal order under § 1225(b)(1) but does not raise one of the grounds for review permitted by § 1252(e)(2). Therefore, this Court does not have jurisdiction to review the Petition.

To the extent that Petitioner argues that § 1252(e)(2) violates the Suspension Clause of the United States Constitution, such an argument is not likely to succeed. This Court recently held that an alien petitioner did not establish that the Suspension Clause was violated by the applicable statute. *See Singh v. Wolfe*, 5:20-cv-16-DCB-MTP (S.D. Miss. 2020). Other district courts in this circuit have similarly found that aliens placed in expedited removal proceedings could not invoke the Suspension Clause. *See Hidalgo-Mejia v. Pitts*, 343 F. Supp. 3d 667, 672 (W.D. Tex. 2018); *Natt v. Wolfe*, 2020 WL 1430910, at *2 (W.D. La. Feb. 28, 2020); *Nianga v.*

*Wolfe*, 2020 WL 415927 (N.D. Tex. Jan. 27, 2020); *Bansci v. Nielsen*, 321 F. Supp. 3d 729, 738 (W.D. Tex. 2018).

It is also unlikely that Petitioner will be able to establish jurisdiction by invoking the Administrative Procedures Act ("APA") or the Convention against Torture ("CAT"). *Hidalgo-Mejia*, 343 F. Supp. 3d at 673 ("judicial review under the APA is not available when statutes preclude judicial review or agency action is committed to agency discretion by law"); *Benitez-Garay v. Dep't of Homeland Sec.*, 2019 WL 542035, *7 (W.D. Tex. Feb. 8, 2019) ("to the extent Petitioner contends his removal would violate CAT, section 1252(a)(4) expressly divests this Court of jurisdiction to review any cause or claim under CAT").

Petitioner has not made a strong showing that he will succeed on the merits of his Petition. While Petitioner may be able to show potential harm if he is removed, that factor cannot override the absence of jurisdiction. The third and fourth factors, which merge in this instance, weigh against Petitioner because the Government has a strong interest in the prompt execution of removal orders. As it is unlikely that this Court has jurisdiction to review the Petition [1] and the factors articulated in *Duran-Cruz* weigh against a stay of removal, the undersigned recommends that the Motion to Stay [2] be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends Petitioner's Emergency Motion to Stay Removal [2] be DENIED.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 16th day of June, 2020.

s/ Michael T. Parker
United States Magistrate Judge