```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

MANPREET SINGH                                          PETITIONER

v.                         CIVIL ACTION NO. 5:20-cv-86-DCB-MTP

WARDEN SHAWN GILLIS                                     RESPONDENT

<u>ORDER</u>

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation, to which no objections have been filed. Having carefully reviewed the Report and Recommendation, the Court finds it to be well taken and shall be adopted as the findings and conclusions of this Court. Petitioner Manpreet Singh ("Singh") entered the United States on May 17, 2019 without inspection. He is a citizen of India. Singh has requested asylum based on his affiliation with the Mann Party in India. Petitioner was granted a credible fear interview. The asylum officer found against Singh, which was later affirmed by an immigration judge. Singh filed an Emergency Motion to Stay Removal [ECF No. 2].

In considering whether to issue a stay of removal, a court reviews "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

parties interested in the proceeding; and (4) where the public interest lies." Duran-Cruz v. Holder, 527 F. App'x 308, 310 (5th Cir. 2013). Magistrate Judge Parker found that Singh has not made a strong showing that he is likely to succeed on the merits. The procedure for non-citizens seeking asylum in the United States is controlled by 8 U.S.C. § 1225(b)(1). Section 1225(e)(2) limits judicial review of decisions made under § 1225 to three narrow instances. Petitioner seeks review of his expedited removal order under § 1225(b) but has not raised one of the three grounds of review permitted under § 1225(e)(2). Therefore, this Court does not have jurisdiction. Furthermore, the Supreme Court recently addressed whether § 1225(e)(2) violates the Suspension Clause of the United States Constitution and found that it does not. See D.H.S. v. Thuraissigiam, 140 S. Ct. 1959, 1981 (2020). Therefore, the Petitioner has not stated a colorable claim for relief in his habeas petition and his Motion for a Stay of Removal must be denied.

Accordingly,

IT IS HEREBY ORDERED that the Court ADOPTS Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 13] as the findings and conclusions of this court;

IT IS FURTHER ORDERED that the Petitioner's Emergency Motion to Stay Removal [ECF No. 2] is DENIED;

IT IS FURTHER ORDERED that Petitioner's Emergency Motion to Expedite Decision [ECF No. 16] is DENIED as MOOT.

SO ORDERED, this the 18th day of August, 2020.

                                        ___/s/ David Bramlette_____
                                        UNITED STATES DISTRICT JUDGE