IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MANPREET SINGH**                                                          **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 5:20-cv-86-DCB-MTP**

**WARDEN SHAWN GILLIS**                                                     **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Manpreet Singh's Petition for Writ of Habeas Corpus [1]. Having carefully considered the parties' submissions and applicable law, the undersigned recommends that the Petition [1] be dismissed with prejudice and Petitioner's request for attorney's fees be denied.

## BACKGROUND

Manpreet Singh, a citizen of India, was held in immigration custody at Adams County Detention Center. *See* [11-1] at 1. Petitioner was taken into custody by U.S. Border Patrol near Calexico, California on May 17, 2019, pursuant to 8 U.S.C. § 1225(b)(1)[1] and placed in expedited removal proceedings. *See* [2] at 4. On March 30, 2020, Petitioner filed his Petition [1] alleging that the asylum officer failed to follow and apply several regulations and that the Fifth Circuit should adopt the holding of the Ninth Circuit Court of Appeals in *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), *cert. granted sub nom. Dep't of*

---

[1] Aliens, like Petitioner, who are stopped near the border are subject to inspection and "the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum…or a fear of persecution." 8 U.S.C. § 1225 (b)(1)(A)(1). "Any alien subject to the procedures under [§ 1225(b)(1)] shall be detained pending a final determination of credible fear of persecution and, if found to not have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

1

*Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 427 (2019), and *rev'd and remanded sub nom. Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959 (2020).

On March 30, 2020, Petitioner filed an Emergency Motion to Stay Removal [2]. The undersigned recommended that the Motion [2] be denied, and this Court adopted the Report and Recommendation on August 18, 2020 and denied the Motion to Stay Removal [2]. *See* Order [19]. His Petition for Writ of Habeas Corpus [1] is still pending before the Court based on claims that the law was wrongfully applied to Petitioner and his removal was, therefore, improper. Additionally, Petitioner requests attorney's fees under the Equal Access to Justice Act 28 U.S.C. § 2412. *See* [1] at 29.

On December 7, 2020, Respondent filed a Motion to Supplement his Response [21] and notified the Court that Petitioner was removed from the country on June 22, 2020. *See* [21-1].

## ANALYSIS

Petitioner challenges his credible fear determination and expedited removal order. *See* [1] at 29. Respondent opposes the Petition [1] and argues that the Court lacks jurisdiction to review Petitioner's expedited removal order, and that Petitioner's detention was mandated by 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

Petitioner sought to challenge his expedited removal proceedings, which were not favorable to him. He claimed that the expedited removal procedure failed to comport with due process, and he was not given a fair opportunity to apply for asylum. *See* [1] at 29.

In May 2005, Congress passed the REAL ID Act which "amends the jurisdictional provision of the Immigration and Nationality Act, altering the way in which noncitizens can seek judicial review of administrative orders of removal." *Rosales v. Bureau of Immigration &*

*Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005).  The Act "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Id*. at 736.

The procedure for non-citizens seeking asylum in the United States is controlled by 8 U.S.C. § 1225(b)(1).  If an alien who is deemed inadmissible by an immigration officer indicates either an intention to apply for asylum or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer.  8 U.S.C. § 1225(b)(1)(A)(ii).  If the asylum officer finds that the alien's fear is not credible, then the alien may seek review by an immigration judge.  8 U.S.C. § 1225(b)(1)(B)(iii)(III).

Judicial review of expedited removal orders is governed by 8 U.S.C. § 1252(e).  *See Brumme v. I.N.S.*, 275 F.3d 443, 446 (5th Cir. 2001).  Section 1252(e)(2) severely limits judicial review of decisions made under § 1225(b)(1).  Section 1252(e)(2) provides:

> **(e)(2)** Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>
> **(A)** whether the petitioner is an alien,
>
> **(B)** whether the petitioner was ordered removed under such section, and
>
> **(C)** whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such statute not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General to section 1225(b)(1)(C) of this title.

The reviewing court may determine whether a removal order "was issued and whether it related to the Petitioner.  There shall be no review of whether the alien is actually admissible or entitled to any relief from removal." *Solis-de Patino v. Pitts*, 823 F. Supp. 2d 457, 460 (W.D. Tex. Oct. 4, 2011); *see also Brumme*, 275 F.3d at 447-48 (narrowly construing the avenues of review under § 1252(e) to the three instances articulated in the statute).

Petitioner argues that this Court retains jurisdiction to review his Petition because § 1252(e)(2) violates the Suspension Clause of the United States Constitution. *See* [1] at 4. The Suspension Clause requires that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it." U.S. Const. art. I, § 9, cl. 2. When reviewing a claim that the Suspension Clause has been violated, the Court must ask whether "the statute stripping jurisdiction to issue the writ avoids the Suspension Clause mandate because Congress has provided adequate procedures for habeas corpus." *Boumediene v. Bush*, 553 U.S. 723, 771 (2008).

The United States Supreme Court recently addressed whether the Suspension Clause could be invoked by aliens in expedited removal proceedings to circumvent the statutory framework that precludes habeas review. *See Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959 (2020). The Court held that the "Suspension Clause argument fails because it would extend the writ of habeas corpus far beyond its scope 'when the Constitution was ratified.'" *Id*. at 1963 (quoting *Boumediene*, 553 U.S. at 746). "Habeas has traditionally been a means to secure *release* from unlawful detention, but [Petitioner] invokes the writ to achieve an entirely different end, namely, to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country." *Id*. (emphasis in original). The Court concluded that the Suspension Clause did not require further review of the alien's asylum claim and the "limitations on habeas review [were] constitutional as applied." *Id*. at 1964.

This Court is bound by the Supreme Court's decision in *Thuraissigiam*. Because this Court is without jurisdiction to review Petitioner's claim and he does not raise one of the grounds articulated in Section 1252(e)(2), the Petition [1] should be dismissed.

Petitioner also requests costs and attorney's fees pursuant to 28 U.S.C. § 2412. Petitioner has no counsel of record; therefore, he is not entitled to attorney's fees. Additionally, as the statute only allows for an award to the prevailing party, and the undersigned recommends the matter be resolved in favor of Respondent, Petitioner is not entitled to an award of attorney's fees. Thus, the undersigned recommends Petitioner's request for attorney's fees be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice and Petitioner's request for attorney's fees be denied.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 17th of December, 2020.

s/ Michael T. Parker
United States Magistrate Judge

5